Elina Shakhbazyan, Esq., SBN 338561
**DOWNTOWN L.A. LAW GROUP**
540 Santa Fe Ave.,
Los Angeles, CA 90013
Tel.: (213) 389-3765
Fax: (877) 389-2775
Email: Elina@downtownlalaw.com

Attorneys for Plaintiff
SHOWKAT ABBAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

| | |
|---|---|
| SHOWKAT ABBAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; DOE 1 (STORE MANAGER); and DOES 2-50, inclusive,<br><br>Defendant, | CASE NO.: 5:26-cv-01207<br><br>**FIRST AMENDED COMPLAINT**<br><br>**1. Negligence**<br>**2. Premises Liability**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHOWKAT ABBAS ("Plaintiff"), for causes of action against Defendants HOME DEPOT U.S.A., INC. ("Home Depot"), DOE 1 (STORE MANAGER), and DOES 2 through 50, inclusive, alleges as follows:

///

///

///

///

///

///

///

///

**INTRODUCTION**

1. This is a personal injury action arising from an incident at a Home Depot retail location in Mira Loma, California, where Plaintiff was lawfully present as a customer.

2. While Plaintiff was purchasing plywood and/or similar materials and requested assistance from Defendants' employee in cutting those materials, Defendants negligently performed the cutting operation and caused debris and material to fly into Plaintiff, resulting in serious injury and damages.

**JURISDICTION AND VENUE**

3. This Court presently exercises subject matter jurisdiction pursuant to Defendants' removal of this action under 28 U.S.C. §§ 1332, 1441, and related provisions. Plaintiff does not waive and expressly reserves all rights concerning subject matter jurisdiction, removal, remand, amendment, and joinder of additional defendants.

4. Plaintiff is, and at all relevant times was, a resident and citizen of the State of California.

5. Defendant HOME DEPOT U.S.A., INC. is informed and believes, and thereon alleges, that it is a Delaware corporation with its principal place of business outside California.

6. Plaintiff is informed and believes, and thereon alleges, that DOE 1 managed and worked at the subject Home Depot location in Mira Loma, California, regularly conducted business in California, and is believed to have been at all relevant times a resident of the State of California.

///

///

///

7. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal. Plaintiff expressly reserves the right to amend this Complaint to substitute the true names of DOE Defendants when ascertained.

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred within this District, in San Bernardino County, California.

## PARTIES

9. Plaintiff SHOWKAT ABBAS is an individual.

10. Defendant HOME DEPOT U.S.A., INC. is, and at all relevant times was, a corporation authorized to do business in California.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOE 1 through DOE 50, inclusive, and therefore sues those Defendants by fictitious names.

12. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant was in some manner legally responsible for the occurrences alleged herein, and Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

13. DOE 1 was the store manager, supervising manager, or person with operational responsibility at the subject Home Depot location at the time of the incident. Plaintiff is informed and believes DOE 1 was responsible for employee supervision, customer safety procedures, cutting station operations, maintenance of safe conditions, warnings, training, and enforcement of safety policies. Plaintiff will seek leave to substitute DOE 1 upon discovery of the manager's true identity.

///

///

14. Plaintiff is informed and believes that each Defendant was the agent, servant, employee, partner, alter ego, joint venturer, parent, subsidiary, successor, and/or representative of each remaining Defendant, and in doing the things alleged acted within the course and scope of such relationship.

## GENERAL ALLEGATIONS

15. On or about April 2, 2023, Plaintiff was lawfully on the premises of Defendants located at or near 6140 Hamner Avenue, Mira Loma, California 91752.

16. Plaintiff purchased plywood and/or similar materials and requested that Defendants' employee cut the materials.

17. During the cutting process, Defendants' employee negligently and carelessly cut the plywood and/or materials.

18. As a direct result of said negligence, debris, fragments, dust, wood particles, and/or material was caused to fly outward and strike Plaintiff.

19. Plaintiff sustained serious bodily injury, pain, suffering, emotional distress, and other damages.

20. At all relevant times, Defendants had possession, custody, ownership, operation, management, supervision, and control of the premises and activities occurring thereon.

21. Defendants owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to conduct store operations in a reasonably safe manner.

22. Defendants knew, or in the exercise of reasonable care should have known, that cutting plywood and similar materials without adequate safeguards, barriers, warnings, training, supervision, or safe procedures created an unreasonable risk of harm to customers.

23. Defendants failed to take reasonable precautions to protect Plaintiff and others similarly situated.

24. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages according to proof.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants and Does 1–50)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26. Defendants, and each of them, owed Plaintiff a duty to use reasonable care in the ownership, operation, supervision, maintenance, management, staffing, and conduct of the premises and business operations.

27. Defendants breached those duties by, among other things, negligently cutting materials, failing to use safe methods, failing to train employees, failing to supervise employees, failing to warn customers, failing to restrict dangerous areas, failing to provide barriers or protective measures, and otherwise acting carelessly.

28. As a direct and proximate result of said negligence, Plaintiff sustained injuries and damages according to proof.

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

**(Against All Defendants and Does 1–50)**

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. Defendants owned, leased, occupied, controlled, maintained, managed, and/or operated the subject premises.

31. Defendants had a duty to exercise ordinary care in the management of the premises to avoid exposing persons to unreasonable risk of harm.

32. Defendants negligently maintained and operated the premises so as to create and permit dangerous conditions, including unsafe material-cutting operations in areas accessible to customers without adequate protection, warning, or safeguards.

33. Defendants knew or should have known of these dangerous conditions in time to remedy them or warn Plaintiff.

34. Defendants failed to remedy the condition and failed to adequately warn or protect Plaintiff.

35. As a direct and proximate result, Plaintiff sustained bodily injury and damages according to proof.

**DAMAGES**

36. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer:

a. Past and future medical expenses;

b. Past and future pain and suffering;

c. Emotional distress;

d. Loss of enjoyment of life;

e. Lost earnings and/or loss of earning capacity;

f. Prejudgment interest where permitted by law; and

g. Such other damages according to proof.

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Past and future medical expenses according to proof;
4. Loss of earnings and earning capacity according to proof;
5. Prejudgment interest as permitted by law;
6. Costs of suit incurred herein;
7. Such other and further relief as the Court deems just and proper.

DATED: April 28, 2026

DOWNTOWN L.A. LAW GROUP

By: Elina

______________________________

Elina Shakhbazyan, Esq.
Attorneys for Plaintiff
SHOWKAT ABBAS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

DATED: April 28, 2026

DOWNTOWN L.A. LAW GROUP

By: ______________________

Elina Shakhbazyan, Esq.
Attorneys for Plaintiff
SHOWKAT ABBAS

# CERTIFICATE OF SERVICE

I hereby certify that the following documents(s): **FIRST AMENDED COMPLAINT** was/were served on this date to counsel of record:

**[X]** **BY ELECTRONIC TRANSMISSION**: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Karen Liao (State Bar No. 256072)
Karen.lia@manningkass.com
MANNING& KASS ELLROD, RAMIREZ. TRESTER LLP
695 Town Center Dr., Ste 400
Costa Mesa, California 92626
Telephone: (949) 474-6990
Facsimile: (949) 474-6991

Attorneys for Defendant,
HOMEDEPOT U.S.A..INC.

Executed on April 28, 2026 at Los Angeles, California.

*/s/ Jayla Allen*

Jayla Allen